1

2

3

4

5

6

7

8                    IN  THE  UNITED  STATES  DISTRICT  COURT

9               FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA

10

11  DONOVAN FORD, Pro Se, dba Weld Pro        )
    Instructional Video,                     )
12                                           )   2:06-cv-854-GEB-GGH-PS
            Plaintiff and Cross-Defendant,   )
13                                           )
            v.                               )   FINAL PRETRIAL ORDER
14                                           )   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    DARRIUS NELSON, aka a-aaaproductions,    )
15  aka Red Eclipse Productions,             )
                                             )
16          Defendant and Cross-Complainant. )
    _____  )

17

18          A final pretrial conference was held on August 13, 2007,

19  at which each party appeared in propria persona.  After hearing,

20  the Court makes the following Order.

21                       I.   JURY/NON-JURY

22          All issues shall be tried to a jury, except for equitable

23  issues.

24                  II.   DISPUTED FACTUAL ISSUES

25          Mr. Nelson asserts this lawsuit involves a dispute over

26  whether he is the fifty percent owner of a welding DVD or video.

27  Mr. Nelson also argues that Mr. Ford has sold Mr. Nelson's created

28  DVD without paying Mr. Nelson his share of the proceeds.

1    Mr. Ford asserts Mr. Nelson has wrongfully copied some of

2    Mr. Ford's welding instructional DVD, and that Mr. Nelson has

3    fraudulently sought copyright registration of those portions of Mr.

4    Ford's welding DVD and sold the DVD on eBay.

5              III.   <u>WITNESSES</u>[1]

6         A.   Plaintiff and cross-defendant ("Plaintiff")

7    anticipates calling the witnesses listed in section 10 of

8    Plaintiff's pretrial statement.

9         B.   Defendant and cross-complainant ("Defendant")

10   anticipates calling the witnesses listed in the Witness List

11   attached to Defendant's pretrial statement.

12        C.   Each party may call a witness designated by the

13   other.

14        D.   No person, other than those named on these witness

15   lists, will be permitted to testify unless:

16             (1) The party offering the witness demonstrates that

17   the witness is for the purpose of rebutting evidence which could

18   not reasonably be anticipated at the pretrial conference; or

19             (2) The witness was discovered after the pretrial

20   conference and the proffering party makes the showing required in

21   "E", below.

22        E.   If a witness is discovered after the pretrial

23   conference, the party offering the witness shall promptly inform

24   the Court and opposing party of the existence of the unlisted

25   witness so that the Court may consider at trial whether the witness

26   _____

27        [1]   This portion of the Order does not affect the parties'
     obligations to timely comply with witness disclosure requirements
28   provided in the Federal Rules of Civil Procedure, the Local Rules,
     or by Order of this Court.

shall be permitted to testify.  The witness will be not be
permitted to testify unless:

        (1) The witness could not reasonably have been
discovered prior to pretrial;

        (2) The Court and opposing party were promptly
notified upon discovery of the witness;

        (3) If time permitted, the party offered the witness
for deposition; and

        (4) If time did not permit, a reasonable summary of
the witness' testimony was provided to the opposing party.

                        IV.   EXHIBITS[2]

        A.   Plaintiff anticipates offering the exhibits listed in
section 11 of Plaintiff's pretrial statement.

        B.   Defendant anticipates offering the exhibits listed in
the Exhibit List attached to Defendant's pretrial statement.

        C.   No other exhibits will be permitted to be introduced
unless:

        (1) The party seeking to use the unlisted exhibit
demonstrates that the exhibit is being used to rebut evidence which
could not reasonably have been anticipated at the pretrial
conference; or

        (2) The unlisted exhibit was discovered after the
pretrial conference and the offering party makes the showing
required in paragraph "D", below.

---

        [2]   This portion of the Order does not affect the parties'
obligations to timely comply with disclosure requirements provided
in the Federal Rules of Civil Procedure, the Local Rules, or by
Order of this Court.

1          D.  Any party proposing to introduce an exhibit which was

2 discovered after the pretrial conference shall promptly notify the

3 Court and opposing party of the existence of such exhibit.  The

4 Court will not permit any such exhibit to be introduced unless it

5 finds:

6          (1) That the exhibit could not reasonably have been

7 discovered prior to the pretrial conference;

8          (2) The Court and opposing party were promptly

9 informed of the exhibit's existence; and

10          (3) That the offering party has delivered a copy of

11 the exhibit to the opposing party, or, if the exhibit may not be

12 copied, that the offering party has made the exhibit reasonably

13 available for inspection by the opposing party.

14          E.  Plaintiff's exhibits shall be numbered and marked

15 with colored stickers provided by the Court while Defendant's

16 exhibits shall be designated by alphabetical letter also marked

17 with colored stickers provided by the Court.  To obtain stickers,

18 parties should contact the Clerk of Court at (916) 930-4000.

19          The parties are directed to exchange with each other, at

20 least twenty (20) court days prior to the date on which trial

21 commences, copies of all of their respective exhibits, marked with

22 exhibit stickers provided by the Court.  Within five (5) court days

23 after receipt and examination of the exhibits, each party shall

24 file with the Court and serve upon the opposing party objections,

25 if any, to the exhibits, referencing the exhibits as marked by

26 exhibit sticker and specifying the basis for each objection.[3]

27

28        [3]    The parties have leave to file joint exhibits.  The above
(continued...)

Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions. The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Each party shall produce all exhibits to the Clerk's Office no later than 4:00 p.m. on the Friday before the date on which trial is scheduled to commence. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced. Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits. Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and the opposing party itemizing the exhibits.

V.   <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference. That order is confirmed. The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this Court.

VI.   <u>SETTLEMENT NEGOTIATIONS</u>

No settlement conference is scheduled in this matter. If the parties believe that a settlement conference would be

_____

[3](...continued)
procedure is designed for separate exhibits.

1  productive and facilitate resolution of this case, the parties may

2  contact the Court.  If the Court schedules a settlement conference

3  at the request of the parties, each party would be directed to have

4  a principal with authority to settle the case on any terms present

5  at the settlement conference.

6          In addition, each party would have to submit a settlement

7  conference statement directly to the chambers of the settlement

8  judge, five (5) court days prior to the settlement conference.

9  Such statements would not have to be filed with the clerk nor

10 served on the opposing party.  However, each would be required to

11 notify the other party or parties that the statement was submitted

12 to the judge's chambers.

13            VII.   JURY INSTRUCTIONS AND TRIAL BRIEFS

14         Trial briefs and proposed jury instructions are to be

15 filed as stated in the Local Rules of this Court.

16           VIII.   USE OF STRUCK JURY SELECTION SYSTEM

17         Eight jurors will be impaneled.  The "struck jury" system

18 will be used to select the jury.[4]  At the beginning of the voir

19 dire process, approximately eighteen prospective jurors, randomly

20 selected by the Jury Administrator, will be seated for voir dire.

21 The order of the jurors' random selection is reflected by the order

22 in which they will be seated.  The first randomly selected juror

23

24         [4]    As explained in United States v. Blouin, 666 F.2d 796,
   798 (2d Cir. 1981), "the goal of the 'struck jury' system is to
25 whittle down an initially selected group . . . [to the amount of
   jurors] who will serve as the petit jury."  The selected group
26 consists of the jurors who will hear the case, plus the number of
   jurors required to enable the parties to use the combined number of
27 peremptory challenges allotted to both sides for striking jurors
   from the group.  Typically extra jurors are included in the select
28 group in the event the minimum amount of jurors required for the
   "struck system" is reduced "for cause" or some other reason.

will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first eight jurors on a list, which shall be given to the parties, will constitute the petit jury unless one or more of those eight is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes.  If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

IX.   <u>TRIAL DATE</u>

Trial to a jury will commence on October 16, 2007.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has ten minutes within which to make an opening statement to the jury and thirty minutes within which to make a closing argument.  Each party shall call Shani

Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to
trial to ascertain the status of the trial date.

       IT IS SO ORDERED.

Dated:  August 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge